# In the United States Court of Federal Claims

No. 23-951

(Filed: August 24, 2023)

**NOT FOR PUBLICATION**

```
***************************************
JAMIE BURKE,                          *
                                      *
                  Plaintiff,          *
                                      *      Pro Se; Sua Sponte Dismissal; Lack
       v.                             *      of Subject-Matter Jurisdiction; RCFC
                                      *      12(h)(3).
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
***************************************
```

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Such is the case here, as *pro se* plaintiff Jamie Burke has not asserted any claim in her complaint that falls within the jurisdiction of the United States Court of Federal Claims. Accordingly, the complaint is **DISMISSED** for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

In her complaint, Ms. Burke alleges, among other things, a criminal conspiracy to have her murdered in retaliation for whistleblowing. *See* Compl. [ECF 1] at 1, [ECF 1-1][1] at 1. Though difficult to parse, Ms. Burke appears to also claim that she suffered discrimination, use of excessive force, and an unlawful search at the hands of government officials after sharing information that she ascertained from "hacking into [an] enemy foreign countr[y's] government website." [ECF 1-1] at 7; *see also* [ECF 1] at 1. Ms. Burke names several politicians in her complaint, but primarily focuses her allegations on the Trump Administration and the Governor of Idaho. *See* [ECF 1-1] at 1-11. It is unclear what relief Ms. Burke seeks, and her complaint does not contain a claim for monetary relief. *See* [ECF 1-1].

"Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although a *pro se* plaintiff's pleadings are "held to a less stringent standard than those prepared by counsel," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they must still meet the Court's jurisdictional requirements. *See Kelley v.*

---

[1] The Court cites to an exhibit attached to Ms. Burke's complaint as [ECF 1-1]. This exhibit contains nearly all of Ms. Burke's allegations.

*Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Further, "if the relief sought is against others than the United States," then the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

The Court has determined that it lacks jurisdiction over Ms. Burke's complaint. To the extent Ms. Burke asserts claims against government officials in their individual capacities, this Court lacks jurisdiction to hear her claims. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials"). Moreover, the Court lacks jurisdiction over the types of claims brought by Ms. Burke, even if they were brought against the United States. The discernable claims made by Ms. Burke focus exclusively on criminal conduct, torts, and violations of the Fourth Amendment, all of which are outside of this Court's jurisdiction. *See Campbell v. United States*, 229 Ct. Cl. 706, 707 (1981) (stating that this Court lacks jurisdiction over criminal claims); *Rick's Mushroom Serv.*, 521 F.3d at 1343 (stating that this Court lacks jurisdiction over tort claims); *LeChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (finding that the Fourth Amendment is not a money-mandating source of law).

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge